UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RICHARD J ALSTEEN, JR,

        Plaintiff,

v.                                                                     Case No. 22-cv-1488-bhl

SHAWANO COUNTY CHILD SUPPORT, ET AL,

        Defendants.

## ORDER

        On December 9, 2022, Plaintiff Richard Alsteen, Jr. filed this lawsuit against various Shawano and Marathon County municipal entities. (ECF No. 1.) He also moved for leave to proceed without prepayment of the filing fee. (ECF No. 2.) The Court has authority to allow a litigant to proceed without prepaying the filing fee if it determines that the litigant is unable to pay the costs of commencing the action, and the action is not frivolous, does not fail to state a claim, and is not brought against an immune defendant. *Cf.* 28 U.S.C. §1915(a)(1), (e)(2).

        In support of his motion, Alsteen states that he has been seeking Social Security Disability Insurance for five years; owes about $250 in monthly child support payments; and has no car, home, or property of value. (ECF No. 2 at 2-4.) On these facts, it appears that Alsteen is sufficiently indigent for a fee waiver.

        Before allowing Alsteen to proceed, though, the Court must also review his complaint for sufficiency. If the complaint fails to state a claim on which relief may be granted, it must be dismissed. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018 (7th Cir. 2013). A frivolous complaint will also fail. 28 U.S.C. §1915(e)(2)(B)(i). "A frivolous complaint is one in which 'the petitioner can make no rational argument in law or facts to support his or her claim for relief.'" *Williams v. Faulkner*, 837 F.2d 304, 306 (7th Cir. 1988) (quoting *Jones v. Morris*, 777 F.2d 1277, 1279-80 (7th Cir. 1985)). Rational arguments in support of a claim for relief are impossible where "the plaintiff's allegations are so 'fanciful,' 'fantastic,' and 'delusional' as to be 'wholly incredible.'" *Bussie v. Attorney General*, 2013 WL 3934179, at *2 (W.D. Wis. July 30, 2013) (quoting *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992)).

The disorganized and at times illegible nature of Alsteen's complaint makes his precise claims hard to discern. In general, he appears to assert that various municipal actors (1) harassed and surveilled him and (2) improperly incarcerated him.

The first of these sets of allegations appears both delusional and frivolous. Alsteen claims that Marathon County Sheriff Officer Obbermann, along with agents of the Wausau and Marathon County Parks, Recreation, and Forestry Department and the Marathon County Library, conspired to steal his camping equipment and plant tracking and monitoring devices on him. (ECF No. 1 at 6-7.) They apparently did so because of his rap sheet "and the worldwide publicity it made." (*Id.* at 6.) These allegations do not assert a plausible claim for any constitutional violation.

Alsteen's other allegations come closer to a potential constitutional claim for unlawful pretrial detention. *See Manuel v. City of Joliet, Ill.*, 137 S. Ct. 911, 920 (2017) (holding that the Fourth Amendment governs a claim for unlawful pretrial detention). According to his complaint, Alsteen spent 120 days in Shawano County Jail after he failed to comply with a court order in connection with his child support obligations. (*Id.* at 8.) On his 107th day behind bars, he "came up with the [$]756.62 to bail out" but was not released. (*Id.* at 8-9.) Days later, a sheriff asked Alsteen why he was still incarcerated and informed him that he should have already been out. (*Id.* at 9.) These factual allegations might support a claim under 42 U.S.C. Section 1983.

But the complaint has an additional flaw; Alsteen has not identified a proper defendant for such a claim. Alsteen's complaint names as defendants Shawano County Child Support, Shawano County Jail, the Marathon County Sheriff's Department, and the Wausau and Marathon County Parks, Recreation, and Forestry Department. (*Id.* at 1.) He also identifies the Shawano County Sheriff's Department in the body of the complaint. (*Id.* at 8.) Of these entities, only the Shawano County Jail and Shawano County Sheriff's Department are at all related to the unlawful pretrial detention claim. But neither is a proper defendant. A jail is a building, and "a building is not a proper party to a lawsuit brought under [Section] 1983." *Nawrocki v. Racine Cnty. Jail*, No. 08-cv-96-bbc, 2008 WL 4417314, at *1 (W.D. Wis. Mar. 7, 2008). And under Wisconsin law, a sheriff's department "is not a legal entity separable from the county government which it serves and is therefore[] not subject to suit." *Whiting v. Marathon Cnty Sheriff's Dept.*, 382 F.3d 700, 704 (7th Cir. 2004).

Although, in its current form, Alsteen's complaint does not pass muster, in most instances, "a judge should give [a] litigant, especially a *pro se* litigant, an opportunity to amend his

complaint." *Orozco v. Butler*, 766 F. App'x 365, 369 (7th Cir. 2019). Here, Alsteen's unlawful pretrial detention claim only fails because he names the Shawano County Jail and Shawano County Sheriff's Department as defendants, instead of Shawano County itself. This is an easily correctable mistake, and Alsteen will be given the chance to fix his complaint and proceed if he chooses to do so. Accordingly, the Court will grant him 14 days to file an amended complaint that contains the facts relevant to his unlawful pretrial detention claim and names a proper defendant.

**IT IS HEREBY ORDERED** that Plaintiff Richard J. Alsteen Jr.'s Motion for Leave to Proceed Without Prepayment of the Filing Fee, ECF No. 2, will be held under consideration to allow Alsteen time to file an amended complaint.

**IT IS FURTHER ORDERED** that Alsteen's complaint is **DISMISSED** with leave to amend. If he wishes to pursue his unlawful pretrial detention claim, Alsteen must file an amended complaint, on or before **January 20, 2023**. The amended complaint should contain the facts relevant to Alsteen's unlawful pretrial detention claim and name a proper defendant. Failure to timely file the amended complaint will result in dismissal with prejudice.

Dated at Milwaukee, Wisconsin on January 6, 2023.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge