UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RICHARD J ALSTEEN, JR,

            Plaintiff,

v.                                                     Case No. 22-cv-1488-bhl

SHAWANO COUNTY,

            Defendant.

## ORDER

Plaintiff Richard Alsteen, Jr., proceeding *pro se*, initially filed this action on December 9, 2022. (ECF No. 1.) His first attempt at a complaint did not survive screening, but the Court granted him leave to amend. (ECF No. 7.) His amended complaint arrived, timely, on January 17, 2023. (ECF No. 8.) In it, Alsteen alleges that Shawano County detained him for 114 days and never brought him before a judge. (*Id.* at 2.) This states an arguable Fourth Amendment claim under 42 U.S.C. Section 1983. Police apparently arrested Alsteen pursuant to a warrant. (*Id.* at 2.) This implies probable cause for at least limited detention. *See Armstrong v. Squadrito*, 152 F.3d 564, 578 (7th Cir. 1998). But holding him more than three months without a bail hearing, if true, could very likely violate the Constitution. *See Mitchell v. Doherty*, 37 F.4th 1277 (7th Cir. 2022) (holding that bail hearing held within sixty-eight hours of arrest are constitutional but reserving the question of whether longer detentions without a bail hearing violate the Fourth Amendment). Whether events transpired exactly as Alsteen has alleged is questionable, but reading the facts in his favor, he has articulated a plausible claim for relief.

Having already confirmed his indigency, the Court will therefore grant Alsteen's motion for leave to proceed without prepayment of the filing fee, pursuant to 28 U.S.C. Section 1915. (ECF No. 2.)

Accordingly,

**IT IS HEREBY ORDERED** that Alsteen's Motion for Leave to Proceed Without Prepayment of the Filing Fee is **GRANTED**.

**IT IS FURTHER ORDERED** that, pursuant to Fed. R. Civ. P. 4(c)(3), the U.S. Marshals Service shall serve a copy of the amended complaint, waiver of service form and/or the summons, and this Order upon Defendant. Alsteen is advised that Congress requires the U.S. Marshal's Service to charge for making or attempting such service. 28 U.S.C. §1921(b). The current fee for waiver of service packages is $8 per item. 28 C.F.R. §0.114(a)(2). Congress has not made any provision for waiver of these service fees.

Alsteen is now required, under Fed. R. Civ. P. 5(a), to send a copy of every paper or document filed with the Court to the opposing party or its attorneys. Alsteen should also retain a personal copy of each document. The Court may disregard any papers or documents which do not indicate that a copy has been sent to Defendant or its attorneys. Alsteen is further advised that his failure to make a timely submission, including notifying the Court of any changes in address, may result in the dismissal of this case for failure to prosecute under Civil L.R. 41.

**IT IS FURTHER ORDERED** that Defendant shall file a responsive pleading to the amended complaint within the time allowed under the Federal Rules of Civil Procedure.

Dated at Milwaukee, Wisconsin on January 18, 2023.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge