UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RICHARD J. ALSTEEN, JR,

            Plaintiff,

    v.                                Case No. 22-CV-1488

SHAWANO COUNTY,

            Defendant.

## ORDER

Before the court is Shawano County's motion to compel. (ECF No. 24.) Shawano states:

> This Motion is necessitated by Plaintiff's failure to respond to discovery requests seeking information related to his claims and damages, as well as Plaintiff's failure to comply with his Court-imposed obligation to provide Initial Disclosures pursuant to Rule 26(a).

(ECF No. 24 at 1.)

The court held a telephonic conference with the parties on May 30, 2023, and explained to plaintiff Richard J. Alsteen, Jr., the need to comply with the defendant's discovery requests. For the reasons more fully set forth on the record during that conference, Shawano's motion to compel is **granted**. Alsteen shall fully comply with

Shawano's discovery requests and make his initial disclosures under Rule 26(a) no later than June 13, 2023.

Because the court has granted the defendant's motion to compel,

the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:

(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;

(ii) the opposing party's nondisclosure, response, or objection was substantially justified; or

(iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A). Shawano shall file any request for reasonable expenses no later than **June 20, 2023**. Alsteen may respond no later than **July 7, 2023**.

The court reiterates that the plaintiff must fully comply with all applicable rules, including the Federal Rules of Civil Procedure and this court's Local Rules. Both are available through the court's website, https://www.wied.uscourts.gov/local-rules-and-guidance. Failure to comply with these Rules may have serious consequences, including the loss of certain rights or even the dismissal of his case.

Alsteen also requested that the court appoint counsel to represent him. Federal courts lack the authority to "appoint" counsel to represent a civil litigant. *Trudeaux*, 2021 U.S. Dist. LEXIS 48656, at *1 (citing *Mallard v. United States Dist. Court for Southern Dist.*,

490 U.S. 296, 307 (1989); *Santiago v. Walls*, 599 F.3d 749, 752 n.1 (7th Cir. 2010)). The most the court can do is attempt to recruit an attorney who is willing to work for free. 28 U.S.C. § 1915(e)(1). Recruiting an attorney, however, is a difficult task. *Henderson v. Ghosh*, 755 F.3d 559, 564 (7th Cir. 2014) (quoting *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014)). "[B]ecause the number of available pro bono lawyers pales in comparison to the countless requests for counsel that courts receive each day, district courts 'are placed in the unenviable position of identifying, among a sea of people lacking counsel, those who need counsel the most.'" *Roberts v. Jezuit*, No. 21-3022, 2022 U.S. App. LEXIS 25080, at *5 (7th Cir. Sep. 7, 2022) (quoting *Olson*, 750 F.3d at 711).

Not only would most litigants prefer to have attorneys, but so, too, would the court prefer to have all litigants represented by counsel. The training possessed by a lawyer makes proceedings run smoother. To that end, the court has developed a robust program for the recruitment of pro bono counsel. *See, e.g.*, Eastern District of Wisconsin, *Pro Bono Program*, https://www.wied.uscourts.gov/pro-bono-program. But attorneys, like all workers, are disinclined to work for free. And there are compelling arguments as to why it is improper for courts to require any lawyer to work without compensation, including that doing so would violate the 13th Amendment's prohibition of involuntary servitude. *See, e.g.*, John C. Scully, *Mandatory Pro Bono: An Attack on the Constitution*, 19 Hofstra L. Rev. 1229 (1991). Given that more than a quarter of all federal civil actions involve at least one pro se litigant, *see* United States Courts, *Just the Facts: Trends in Pro*

*Se Civil Litigation from 2000 to 2019* (Feb. 11, 2021), https://www.uscourts.gov/news/2021/02/11/just-facts-trends-pro-se-civil-litigation-2000-2019, it is impossible to recruit counsel for every pro se litigant who wishes to have counsel.

Thus, other mechanisms have developed to foster the ability of litigants with meritorious claims being able to obtain private counsel. For example, the court is sometimes able to recruit counsel to represent a litigant for limited purposes, such as at mediation.

The standard for whether it is appropriate to attempt to recruit counsel is not whether counsel might do a better job than an unskilled litigant; it is presumed that this will almost always be true. Rather, "when deciding whether to recruit counsel, district courts must ask if 'the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself.'" *Roberts*, 2022 U.S. App. LEXIS 25080, at *5 (quoting *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007)).

Before the court will even consider attempting to recruit an attorney, a litigant must show that he has made reasonable and good faith efforts to attempt to retain counsel on his own. *Pickett v. Chi. Transit Auth.*, 930 F.3d 869, 871 (7th Cir. 2019). A litigant must explain why those efforts were unsuccessful. If a litigant contacted only attorneys who do not handle his type of case or lawyers who were too busy to take on a new case, the court would be unlikely to find his efforts sufficient. *See id*. On the other

4

hand, the court would be more likely to find his efforts sufficient if the reason he was unable to retain counsel was because his claim was too small to merit a lawyer accepting a contingency fee arrangement or the claim did not permit fee shifting. *See id*.

**SO ORDERED.**

Dated at Milwaukee, Wisconsin this 30th day of May, 2023.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge