UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RICHARD J. ALSTEEN, JR.,

        Plaintiff,

v.                                                     Case No. 22-CV-1488

SHAWANO COUNTY,

        Defendant.

## ORDER

Richard J. Alsteen, Jr., proceeding pro se, initiated this action on December 9, 2022. The matter was initially assigned to the Honorable Brett H. Ludwig, who dismissed Alsteen's complaint but gave him the chance to file an amended complaint. (ECF No. 7.) Alsteen filed an amended complaint on January 17, 2023 (ECF No. 8), and Judge Ludwig granted him leave to proceed without prepayment of the filing fee (ECF No. 9). The action was reassigned to this court after all parties consented to the full jurisdiction of a magistrate judge. (ECF No. 16.)

Shawano County answered the complaint (ECF No. 17) and the court held a pretrial conference on April 12, 2023, at which the court set a schedule for further proceedings (ECF No. 23).

On May 23, 2023, Shawano County filed a motion to compel. (ECF No. 24.) Following a telephonic conference (ECF No. 26), the court granted the motion to compel (ECF No. 27).

On June 20, 2023, Shawano County filed its motion for attorney fees pursuant to Fed. R. Civ. P. 37(a)(5)(A). (ECF No. 29.) On June 23, 2023, Shawano County moved to dismiss the action because Alsteen was still failing to comply with his discovery obligations. (ECF No. 31.)

On June 26, 2023, the court received a letter from Alsteen stating:

> I am writing to let you know if my service dog Max would pay me more I would've inclosed [sic] enough money to by yourself, the Western District Judge, and prosequitor [sic] that handled my 2006 case and probaly [sic] looked over my two CV case [sic]. I feel with what has all happened to me, and nothing being done or expecting the same out come. Seeing I'm only one man. And a bullshit system. P.S. I've [sic] I go do some panhandling I might send money. P.S.S. You know anyone that knows anymore get me a ticket out of here.

(ECF No. 33.)

The court has heard nothing further from Alsteen.

Because Alsteen failed to respond to the defendant's motion to dismiss, the court will dismiss this action without prejudice pursuant to Civil Local Rule 41(c) (E.D. Wis.).

As for the defendant's motion for attorney's fees, although indigent litigants are not automatically relieved of their obligation to pay the expenses an opponent incurs as a result of his failure to comply with his discovery obligations, a litigant's indigent status may constitute "other circumstances [that] make an award of expenses unjust."

2

Fed. R. Civ. P. 37(a)(5)(A)(iii); *Wentworth v. Columbia Cty.*, No. 19-cv-514-jdp, 2020 U.S. Dist. LEXIS 85934, at *2 (W.D. Wis. May 14, 2020); *Hamzah v. Woodmans Food Mkt.*, No. 13-cv-491-wmc, 2015 U.S. Dist. LEXIS 78647, at *8 (W.D. Wis. June 17, 2015); *Grady v. Affiliated Comput. Servs. ACS*, No. 1:13-cv-00342-TWP-MJD, 2014 U.S. Dist. LEXIS 160547, at *5 (S.D. Ind. Nov. 13, 2014).

In light of the details contained in his letter (ECF No. 33), the representations in his motion proceed without prepayment of the filing fee (ECF No. 2), and the fact that the dismissal is appropriate under Civ. L.R. 41(c), an award of expenses would be unjust.

**IT IS THEREFORE ORDERED** that the motion for attorney fees (ECF No. 29) is denied.

**IT IS FURTHER ORDERED** that the amended complaint and this action are dismissed without prejudice pursuant to Civ. L.R. 41(c). The Clerk shall enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within 30 days of the entry of judgment (60 days if one of the parties is, for example, the United States, a United States agency, or a United States officer or employee sued in an official capacity). *See* Federal Rule of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an

3
Case 2:22-cv-01488-WED    Filed 08/14/23    Page 3 of 4    Document 36

extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Federal Rule of Appellate Procedure 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within 28 days of the entry of judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated at Milwaukee, Wisconsin this 14th day of August, 2023.

_William E. Duffin_
WILLIAM E. DUFFIN
U.S. Magistrate Judge