UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**RICHARD J. ALSTEEN, JR.,**

          **Plaintiff,**

        **v.**                                          **Case No. 22-CV-1488**

**SHAWANO COUNTY,**

          **Defendant.**

---

## DECISION AND ORDER

Richard J. Alsteen, Jr., proceeding pro se, initiated this action on December 9, 2022. The matter was assigned to the Honorable Brett H. Ludwig, who dismissed Alsteen's complaint but gave him the chance to file an amended complaint. (ECF No. 7.) Alsteen filed an amended complaint on January 17, 2023 (ECF No. 8), and Judge Ludwig granted him leave to proceed without prepayment of the filing fee (ECF No. 9). The action was reassigned to this court after all parties consented to the full jurisdiction of a magistrate judge. (ECF No. 16.)

Accepting as true the allegation in the amended complaint, Judge Ludwig found that Alsteen's assertion that he was held for three months without a bail hearing would likely constitute a violation of the Fourth Amendment. (ECF No. 9 at 1.)

Shawano County answered the complaint (ECF No. 17), and the court held a pretrial conference on April 12, 2023, at which the court set a schedule for further proceedings (ECF No. 23). Alsteen failed to appear as required.

On May 23, 2023, Shawano County filed a motion to compel. (ECF No. 24.) Following a telephonic conference with the parties (ECF No. 26), the court granted the motion to compel (ECF No. 27). The court then ordered Alsteen to fully respond to the defendant's discovery requests by June 13, 2023.

When Alsteen failed to comply with the court's order, on June 23, 2023, the defendant moved to dismiss the action as a sanction for Alsteen's non-compliance. (ECF No. 31.) When Alsteen failed to respond to that motion, on August 14, 2023, the court dismissed this action pursuant to Civil Local Rule 41(c). (ECF No. 36.)

A week later, Alsteen filed what he captioned as a "Motion for Non-Dismissal." (ECF No. 38.) His motion states, in its entirety, "I'm requesting the Defendants motion for Dismissal be Denied. There's been no talks of resolving of Relief on my behalf, for the violations of U.S.C. 42-1983. Or the taking of my Life, Liberty, and properties." (ECF No. 38.) At the same time, he filed a letter complaining that Shawano County Child Support was requiring him to look for work, to which he attached various documents. (ECF No. 39.)

In light of Alsteen's expressed desire to proceed with this action, his motion (ECF No. 38) is **granted** and the **judgment** (ECF No. 37) vacated.

Having vacated the order dismissing this action for failure to prosecute, the court must now consider the merits of the defendant's motion to dismiss as a sanction for Alsteen not complying with the court's order that he respond to the defendant's discovery requests.

Alsteen, like most pro se litigants, has requested that the court "appoint" counsel for him. (ECF No. 28.) As the court previously explained, it has no authority to appoint counsel for a civil litigant. (ECF No. 27.) At most the court can attempt to find a lawyer who will agree to work for free in representing him. But because the number of litigants who seek a free attorney always vastly exceeds the number of attorneys willing to work without getting paid, the court must limit its recruitment efforts to those cases where an attorney's assistance is most crucial.

In the spectrum of federal litigation, Alsteen's claim is quite simple, and his demonstrated abilities are fairly ordinary among pro se litigants. He was able to express himself clearly and coherently during the conference with the court, and he expressed understanding as to his obligations. Discovery especially appears to be a stage within Alsteen's ability to navigate. The only unusual circumstance that Alsteen could identify as to why he believes that counsel is necessary is that he was too busy with therapist and psychologist appointments (each once per month) to keep up with the demands of the case. Aside from slow internet (which the court explained could be addressed by mailing documents), he did not identify any other relevant burdens or obligations that

interfered with his ability to litigate this case. According to his application to proceed without prepayment of the filing fee, Alsteen is unemployed and seeking disability insurance benefits. (ECF No. 2 at 4.)

Nonetheless, Alsteen has failed to comply with his obligations. In an effort to reiterate his obligations and the consequences of non-compliance, the court held a conference and discussed these issues with him. The court explained the discovery process to Alsteen, the applicable rules, and walked through his obligations. Nonetheless, Alsteen continued to refuse to comply.

Even when the defendant moved to dismiss the case because of his repeated refusals to comply, Alsteen did not respond. Only when the court finally dismissed the action did Alsteen do anything. But he still did not address his discovery obligations. Nor did he otherwise address the defendant's motion to dismiss. Thus, the defendant's assertions that Alsteen has failed to comply with the court's order are undisputed.

There is no suggestion that Alsteen has complied with or has any intention of complying with his discovery obligations. There is no hint that he is somehow confused as to his obligations. The court carefully explained to him the discovery process, the applicable rules, and the obligations of the parties. In short, Alsteen does not want his case dismissed but he has offered no reason for the court to deny the defendant's motion.

> Rule 37(b)(2) of the Federal Rules of Civil Procedure authorizes sanctions, including the ultimate sanctions of dismissing a plaintiff's lawsuit or

entering default judgment against a defendant, when a party "fails to obey an order to provide or permit discovery." Imposition of this sanction requires a finding, either implicit or explicit, of willfulness, bad faith, or fault.

*United States v. Norwood*, 812 F. App'x 365, 369 (7th Cir. 2020) (citing *In re Golant*, 239 F.3d 931, 936 (7th Cir. 2001); *Societe Internationale Pour Participations Industrielles Et Commerciales, S. A. v. Rogers*, 357 U.S. 197, 212 (1958) (finding a Rule 37 dismissal is improper when the failure was caused by an inability to comply rather than a "willfulness, bad faith, or any fault")).

Having already ordered Alsteen to comply with his discovery obligations and being presented with no reason to believe that he will now comply if his case were allowed to proceed, the court finds itself with no other option but to impose the ultimate sanction of dismissal. Alsteen's repeated failures to both comply with his discovery obligations and to respond to the defendant's motion implies that his actions are, at a minimum, willful.

Therefore, the defendant's motion to dismiss pursuant to Rule 37(b)(2) is granted. The Clerk shall enter judgment accordingly.

**SO ORDERED.**

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within 30 days of the entry of judgment (60 days if one of the parties is, for example, the United States, a United States agency, or a United States

officer or employee sued in an official capacity). *See* Federal Rule of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Federal Rule of Appellate Procedure 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within 28 days of the entry of judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated at Milwaukee, Wisconsin this 14th day of August, 2023.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge